GREENWOOD DISTRICT OF SEBASTIAN COUNTY *v.* HEARTSILL.

Opinion delivered May 28, 1906.

COMMISSIONERS OF ACCOUNTS—LEGALITY OF INVESTIGATION—COMPENSATION.
—As the commissioners of accounts can not meet except within three weeks preceding the next session of the circuit court after their appointment, and must make their report on the first day of such session (Kirby's Digest, § § 628, 636), an order of the circuit court directing them to investigate the accounts of a county officer, during its next session after their appointment, is void, and a claim against the county for their services in making such investigation was improperly allowed.

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

STATEMENT BY THE COURT.

This is an appeal from the judgment of the circuit court allowing the claims of appellees for services alleged to have been rendered by them as commissioners of accounts for the Greenwood District of Sebastian County. The claims were presented to the county court, and by it disallowed, and, on appeal by appellees to the circuit court, the claims were allowed, and appellant prosecutes this appeal.

The appellees were duly qualified "commissioners of accounts" for Sebastian County. They entered upon the discharge

of their duties June 15, 1903. The record shows that on or about the 15th or 17th of August the commissioners adjourned to October, 1903. On July 29th there was presented the following petition:

"To the Honorable Commissioners of Accounts for the Greenwood District of Sebastian County:

"Comes J. P. Durden, and would respectfully represent and petition your honorable body as follows: 'That he was circuit clerk of Sebastian County for a period of nearly six years; that during said period of time he complied with the requirements of the law in regard to filing the reports required by Acts of 1893 and as amended by act of 1899. That since the termination of his incumbency in office, which occurred October 31, 1898, there has been claimed that a discrepancy existed in the reports so filed by him; and while a former board of commissioners of accounts began an investigation, said investigation was never concluded by them, and the matter of adjustment or settlement was referred to the county court; that this petitioner often attempted to have a settlement with the county judge (J. M. Spradling), but on account of the arbitrary manner of the said judge a settlement was not had, and a judgment against this petitioner was arbitrarily rendered by said county judge, from which this petitioner appealed to the circuit court; that when this cause came on to be heard in the circuit court, the attorneys representing this petitioner and the said county judge entered into an agreement by which it was agreed that the amount of the judgment so rendered should be considered as the amount which was received by this petitioner as fees for recorder, and which would leave only a question of law, viz., does the act of 1893, as amended by the act of 1899, apply to the recorder? The attorneys for this petitioner were so thoroughly confident that the act did not apply to the recorder, and that it would be the quickest way of disposing of the matter, that this petitioner reluctantly consented to said agreement. That said case is now pending appeal in the Supreme Court, and whereas said agreement was made as aforesaid, and only for the purpose aforesaid (of testing said question), there has been a report industriously circulated to the effect that a discrepancy was found to exist in his reports filed as aforesaid.

"Now, therefore, your petitioner prays that your honorable body institute a thorough investigation of the reports filed by him, regardless of the technical agreement made and entered into by the attorneys of this petitioner and said county judge, to the end that, if there exists a discrepancy, or, if this petitioner is due to the county of which he was clerk any amount, this petitioner may have the opportunity of adjusting it, and that justice and right should be done and had between the county and your petitioner.

"To which end he will ever pray.

"Respectfully submitted,<br>"J. P. Durden."

This petition was indorsed as follows:

"It is ordered that the commissioners of accounts investigate the matters set forth in the foregoing petition, to the end that justice may be done to all parties concerned. For this purpose the commissioners are authorized to summon all parties concerned and such witnesses as they may need and the right to examine any and all records bearing on the matter.

"Styles T. Rowe, Judge."

The commissioners refused to follow the orders of the circuit judge indorsed upon the petition, and made the following report to the circuit court:

"In the matter of the petition of J. P. Durden, directed to said commissioners of accounts and by them referred to you, and upon which you indorsed an order that we investigate the matters and things set forth in said petition, my co-commissioners deny the right of the circuit judge to make such order, and refuse to obey the same, and have each for himself consented that I should report to you their refusal to act in this matter, as also of other matters reported herein. There are other matters of which I do not feel justified in speaking except through the channel of a regular report, but think it due that you should be advised of the condition existing and the reason for our failure in the prompt discharge of the important duties devolving upon us.

"August 15, 1903.

"Respectfully submitted,<br>W. B. W. Heartsill, one of<br>commissioners of accounts."

Thereupon the circuit court, after having entered upon its records its reasons for so doing, made the following order:

"It is thereupon ordered by the court that the commissioners of accounts state the account between the Greenwood District of Sebastian County and J. P. Durden as ex-circuit clerk and *ex-officio* recorder, and report whether all moneys due from him as such officer have been paid to the proper person by the law appointed to receive the same and the amount, if any, due the Greenwood District of Sebastian County."

In obedience to this order the commissioners met on August 31st. They spent three days investigating other matters, for which their claim was allowed by the county court. Then it appears that each of the commissioners spent some time working on the matters set forth in the petition of Durden, and which the commissioners had been ordered to do by the circuit court.

The claims filed with the county court are based on this service. Appellee Ferguson filed his claim for $39, thirteen days. Appellee Heartsill presented his claim for eighteen days, $54.

*Read & McDonough,* for appellant.

1. The circuit court had no power or right to require the commissioners to restate the account, and the district is not liable. Kirby's Digest, § 625, 633-636. Nor had said commissioners any power to examine any other accounts than those filed the year preceding their appointment. Kirby's Digest, § 629. See also § 7162.

2. The county court has the exclusive original jurisdiction to conduct, settle and direct the payment of all demands against the county. The circuit court has no control over it, except upon an appeal. The county court has the right to reject a claim, even after it has been certified down to it by the circuit court. 10 Ark. 467; 50 *Id.* 431; 47 *Id.* 80-84.

3. The claim was not itemized as required by law. 54 Ark. 424.

*Holland & Holland,* for appellees.

The circuit court has plenary powers in the matter of the appointment and service of commissioners of accounts, and it seems clear that the commissioners have the right under the statute to adjourn from time to time, should their duties require

it, to *such time and place* as may be designated by them.  Kirby's Digest, § 630.  The statute (*Ib.* § 625) providing for the appointment of commissioners is mandatory, but the context shows that those sections providing for the time of meeting and the manner in which they shall pursue their labors and the number of days allowed for the completion of the work are directory.  Kirby's Digest, § § 635, 639, 640.  The services inured to the benefit of the county, were not excessive, no more time was devoted to the work than was actually necessary, and the county is liable, even if the strict letter of the law has not been followed in unimportant details.  The cases cited from 52 Ark. 36 and 51 *Id.* 424 are not in point.  The spirit of the law has not been violated; the services were *bona fide* and of benefit to the county, and it should be held liable.

WOOD, J., (after stating the facts.)  The county court was correct in refusing these claims.  No such investigation as that set up in Durden's petition is contemplated by the statute authorizing the appointment of commissioners of accounts.  The circuit court erred in referring the matter for investigation to them, and in allowing the claims of the commissioners for making such investigation.  The whole proceeding was without authority and absolutely void.  The duties of the "commissioners of accounts" are defined by the statute authorizing their appointment, and nowhere in this statute can authority be found for the investigation ordered by the circuit court and undertaken by the "commissioners of accounts," as shown by this record.  See chap. 22, Kirby's Digest.  It will be seen from an examination of the act that the time when the commissioners shall meet is designated, and the length of time they shall be in session is clearly defined.  They can not be in session under the law more than three weeks, and they must meet "on the Monday preceding by three weeks the next session of the circuit court" after their appointment.  If they fail "from any cause to meet on the day above mentioned, they shall meet on any day within a week thereafter."  Section 628, Kirby's Digest.  "If the commissioners shall fail to make their report on the first day of the term after their appointment, it shall be the duty of the circuit court to issue proper process, and summon and compel the appearance of the commissioners, and cause the making and filing of such report."  Section 636,

Kirby's Digest. The time when the commission is to meet is thus clearly defined, and the time they shall remain in session is limited to three weeks, for their report is due on "the first day of the term after their appointment." The first term of the circuit court for the Greenwood District after these commissioners were appointed began on the 6th day of July, 1903. The commissioners under the order of. the circuit court to investigate the account of Durden met August 31, 1903, and continued thereafter trom time to time individually and collectively to investigate his account until some time in December, as is shown from dates in one of the substituted accounts filed in the record.

The judgment of the circuit court is reversed, and the cause is dismissed.

HILL, C. J., not participating.